Eastern District of Kentucky
**FILED**

JUL 0 7 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-358-KSF

STEPHANIE YOUNG, Administratrix
of the Estate of Deetroy Oldham, ET AL.,                     PLAINTIFFS

V.                          **MEMORANDUM ORDER**

JOSEPH B. McCORD, ET AL.,                                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

This action concerns an incident that occurred on or about September 1, 2004, in Clark County, Kentucky, wherein plaintiff's decedent, Deetroy Oldham, then a resident of Cincinnati, Ohio, was operating a motor vehicle on U.S. Highway 60 in Clark County, Kentucky, which collided with a bull that was on the roadway. Plaintiff brings this action, pursuant to 28 U.S.C. § 1332, against defendant Joseph B. McCord, alleging that defendant is the owner or manager of the bull with which plaintiff's decedent's vehicle collided and that defendant was negligent by failing to maintain fencing on his property that had road frontage along U.S. Highway 60, resulting in the bull in question escaping containment at or near U.S. Highway 60, entering the roadway and being struck by plaintiff's decedent's motor vehicle, which was the proximate cause of plaintiff's decedent's death. Plaintiff also asserts a loss of consortium claim against defendant on behalf of Aireyanna Denise Lanay Oldham, the minor child of Deetroy Oldham.

Plaintiff seeks compensatory damages for her decedent's bodily injuries sustained in this collision, lost wages, loss of earning capacity, mental and physical pain and suffering, funeral expenses, costs and attorney's fees. Plaintiff also seeks compensatory damages on the loss of consortium claim filed on behalf of Aireyanna Denise Lanay Oldham.

This matter is before the court on plaintiff's motion to compel discovery from Central Kentucky Agricultural Credit Association (hereafter "Ag Credit") concerning a subpoena duces tecum plaintiff served to Ag Credit on or about March 27, 2006.[1]

## II. PLAINTIFF'S MOTION TO COMPEL

The subpoena duces tecum served on Ag Credit, a non-party hereto, on or about March 27, 2006, requested the production of the following documents:

> All loan documents including all descriptions of cattle, including all descriptions of bulls, which have been purchased or sold or used as collateral for any of the above customers: Joe B. McCord, Sheila McCord, Jr., Joseph McCord, III, Kim McCord, Andrew McCord, Margaret McCord, Jordan Warren McCord and their minor children for a time period from 1998 through December 1, 2005.

Ag Credit objects to the foregoing subpoena duces tecum, asserting (1) that it is prohibited by 12 C.F.R. § 618.8320 from disclosing the requested documents, and (2) that, ignoring the prohibition placed on it by 12 C.F.R. § 618.8320, the scope of the documents requested by the subject subpoena duces tecum is too broad in that while Joseph B. McCord is the only named defendant, plaintiff has requested Ag Credit to also produce documents concerning non-parties Sheila McCord, Joseph McCord, III, Kim McCord, Andrew McCord, Margaret McCord, Jordan Warren McCord and their minor children. Additionally, Ag Credit notes that as a non-party to this action, it can only produce documents in compliance with an order entered by a court of competent jurisdiction, pursuant to 12 C.F.R. § 618.8330(b).

In replying to Ag Credit's objection to plaintiff's motion to compel, plaintiff points out that the entire discovery in this case has been focused on determining the ownership of the bull in question that wandered onto U.S. Highway 60 which resulted in the fatal collision with plaintiff's decedent's vehicle. Plaintiff states that determining the ownership of this bull has become

---

[1] Pursuant to numerical ¶ 13 of the district court's Second Amended Scheduling Order entered herein on June 8, 2006, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #42].

2

complicated due to the inter-family business relationships among defendant Joseph B. McCord, his two sons, Andrew McCord and Joseph McCord, III, and his grandson, Jordan Warren McCord. For instance, grandson Jordan McCord, in connection with 4-H projects, raised cattle on the McCord family farm. Jordan McCord is a minor. According to Jordan McCord's father, Joseph B. McCord, III, Jordan did not technically own the cattle that he raised on the farm of his grandfather, defendant Joseph B. McCord, Jr. Plaintiff notes that some of the loan documents requested from Ag Credit concern a loan obtained by Jordan McCord, as a minor.[2]

Plaintiff also advises that this matter is further complicated by the fact that Andrew McCord, defendant's adult son, owns the farm closest to the site of the accident. According to plaintiff, Andrew McCord owns approximately 252 acres and his father, defendant Joseph B. McCord, Jr., owns approximately 443 acres, all along Winchester Road, all of which are contiguous and which father and son share for grazing purposes. Plaintiff further advises that on the day of this accident, defendant Joseph B. McCord's Hereford cattle were grazing on Andrew McCord's farm, just a few hundred feet from the site of this accident.

Additionally, plaintiff advises that tracing the lineage of the subject bull has been further compounded because (1) defendant's "cow book" where he kept the breeding information for all cows and bulls on his farm has not been produced, as it was allegedly "lost", and (2) at least three breeding bulls (649-809, 002 733, 002 722) were sold by defendant in 2004, and defendant does not remember the buyer's name.

For all of the foregoing reasons, plaintiff submits that loan documents which pledged cattle for collateral may assist in the identification of the cattle.

In an effort to resolve this discovery dispute, by letter dated May 1, 2006, plaintiff's counsel defined with greater specificity the documents sought by the subpoena duces tecum in question, as seen from the following excerpt from his letter:

---

[2] Plaintiff further notes that "Deuce," one of the bulls registered in Jordan McCord's name, was of the same age and color as the subject bull.

3

> Because of the nature of the litigation, I am only interested in documents which would identify any cattle (bovine), whether bulls or cows. By "identifying," I mean any documents that mentions the existence of cattle, the names of cattle, the names of bulls, or the number of bulls or in anyway suggests the identification of any bull or cow in the subject borrowers possession. All other documents could be redacted.

*See* Exhibit "C" to Plaintiff's Motion to Compel - DE #40.

## Analysis

It appears that determining the ownership of the bull with which plaintiff's decedent's motor vehicle collided on September 1, 2004, is pivotal. Plaintiff's claims against defendant rise or fall on determining that defendant is the owner of the subject bull. Plaintiff states that she has diligently sought information to determine the identity of the subject bull, not only from Ag Credit, but numerous other sources, including taking defendant's deposition. However, it appears that ownership of the subject bull has not yet been determined. Thus, plaintiff has requested relevant information from Ag Credit, information that could help determine the ownership of the bull in question.

In the absence of a court order, as a non-party, Ag Credit would be prohibited by 12 C.F.R. § 618.8320 from producing the documents requested by plaintiff's subpoena duces tecum. However, plaintiff has shown good cause for requesting these documents from Ag Credit, as plaintiff has been unable to obtain this relevant information from any other source. Additionally, plaintiff has advised Ag Credit that she is "only interested in documents which would identify any cattle (bovine), whether bulls or cows" and that all documents produced could be redacted to eliminate disclosure of any other information.

Pursuant to 12 C.F.R. § 618.8330(b), the Magistrate Judge concludes that Ag Credit may lawfully produce the documents requested by plaintiff's subpoena duces tecum. 12 C.F.R. § 618.8330(b) provides:

> (b) If the Government or your bank or association is not a party to litigation, you or your directors, officers, or employees may produce confidential documents or testimony only if a court of competent jurisdiction issues a lawful order signed by a judge.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel non-party Central Kentucky Agricultural Credit Association to produce documents in compliance with a subpoena duces tecum plaintiff served to it on or about March 27, 2006 [DE #40] is **GRANTED IN PART**, as follows:

> a. Ag Credit is directed to produce loan documents that mention the existence of cattle, the names of cattle, the names of bulls, or the number of bulls or in any way suggests the identification of any bull or cow in the subject borrower's possession including all descriptions of cows or bulls which have been purchased or sold or used as collateral for any of the following customers: Joseph B. McCord, Jr., Sheila McCord, Joseph McCord, III, Kim McCord, Andrew McCord, Margaret McCord, Jordan Warren McCord and their minor children for a time period from 1998 through December 1, 2005.
>
> b. Any documents that are responsive to this subpoena duces tecum **SHALL BE REDACTED** to remove any financial or personal information also contained in the documents identifying any cow or bull in the customer's possession.

2. Ag Credit is directed to produce the foregoing documents within twenty (20) days of the date of this Order.

3. Ag Credit's request for reimbursement of its costs and attorney's fees incurred in compiling and redacting the required documents is **DENIED** because plaintiff attempted, to no avail, to resolve this matter in the absence of filing a motion to compel discovery from Ag Credit.[3]

This 7th day of July, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

---

[3] The same result accomplished by plaintiff's motion to compel could have been achieved by the submission of an Agreed Order, with a minimum expenditure of limited judicial resources.

5