UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO.  05-358- KSF

STEPHANIE YOUNG, Administratrix
of the Estate of Deetroy Oldham
and as Next Friend of Aireyanna
Denise Lanay Oldham, an infant                                                                 PLAINTIFF

VS.                    <u>FOURTH AMENDED SCHEDULING ORDER</u>

JOSEPH B. McCORD, et al                                                                        DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the tendered Agreed Order, which the Court hereby construes as a motion to amend scheduling order [DE #103]. The Court being sufficiently advised,

**IT IS HEREBY ORDERED** that said construed motion is **GRANTED** as follows:

(1)     NO LATER THAN **<u>MAY 1, 2007</u>**, counsel for the defendants shall provide expert witness disclosures, and plaintiffs shall have until **<u>MAY 31, 2007</u>** to depose any witness identified therein, assuming availability of said expert witness during that time;

(2)     NO LATER THAN **<u>APRIL 13, 2007</u>**, counsel for the parties shall COMPLETE all pretrial discovery and shall FILE all motions to amend pleadings;

(3)     NO LATER THAN **<u>JUNE 11, 2007</u>**, counsel for the parties shall FILE all dispositive motions;

(4) NO LATER THAN **AUGUST 30, 2007**, counsel shall FILE with the Clerk an original, shall SUBMIT a copy to the Court's Chambers, and shall PROVIDE a copy to opposing counsel of the following:

(a) pursuant to Rule 26(a)(3)(A), a WITNESS LIST with a brief summary of the expected testimony of each witness; pursuant to Rule 26(a)(3)(B), the witness list shall INCLUDE the designation of those witnesses whose testimony is expected to be presented by deposition WITH REFERENCES TO THE PAGES AND THE QUESTIONS TO BE PRESENTED; and, if the deposition was not taken stenographically, a transcript of the pertinent portions of the deposition testimony shall be attached to the witness list;

(b) pursuant to Rule 26(a)(3)(C), a LIST OF EXHIBITS intended to be used at trial; and

(c) a PRETRIAL MEMORANDUM containing a succinct statement of the facts of the case, the questions of fact, the questions of law, expected evidentiary objections, and a listing of all pending motions;

(5) NO LATER THAN **SEPTEMBER 6, 2007,** counsel shall PRE-MARK all exhibits with the appropriate exhibit sticker with NUMBERS IN THE ORDER TO BE INTRODUCED AT TRIAL and shall PROVIDE copies of such exhibits to opposing counsel;

(6) NO LATER THAN **SEPTEMBER 6, 2007**, counsel shall CONDUCT a conference in person or by telephone to formulate AGREED proposed jury instructions on the SUBSTANTIVE LAW of the case;

(7) NO LATER THAN **SEPTEMBER 6, 2007**, counsel shall FILE with the Clerk, shall SUBMIT a copy to the Court, and shall PROVIDE a copy to opposing

counsel of any objections, and responses to same, to the use of depositions or to the admissibility of exhibits pursuant to Rule 26(a)(3), and objections not disclosed, other than objections based on Federal Rules of Evidence 402 and 403, shall be deemed WAIVED unless excused by the Court for good cause shown. Objections to the admissibility of exhibits shall contain the exhibit number and a brief description of the exhibit. A copy of any documentary exhibit, to which objections to admissibility have been filed, shall be furnished to the Court. Any motions *in limine* shall also be filed by this date, including motions for a hearing, pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Responses to said motions shall be filed no later than **SEPTEMBER 13, 2007**.

(8) NO LATER THAN **SEPTEMBER 13, 2007**, the parties shall conduct a good faith settlement conference; and, if this action is settled by the parties, counsel shall promptly notify the Court;

(9) this action is **REASSIGNED** for **PRETRIAL CONFERENCE** from July 19, 2007 to **THURSDAY, SEPTEMBER 20, 2007** at **9:00 a.m.**; the attorneys who will be trying this action and the parties to this action shall be present at the pretrial conference; where a party to the action is not an individual, said party shall have in attendance, at the pretrial conference, a representative with full settlement authority;

(10) at the time of the pretrial conference, counsel shall FILE with the Clerk and shall SUBMIT a copy to the Court of the AGREED proposed jury instructions on the SUBSTANTIVE LAW of the case; if any instruction cannot be agreed to, counsel shall file with the Clerk, shall submit a copy to the Court, and shall provide a copy to opposing counsel of their proposed instruction with supporting authority; and, if counsel have the

available means, the hard copy shall be accompanied by a copy on a 3 1/2" disk in a format compatible with WordPerfect;

(11)   TWO WORKING DAYS prior to the trial of this action, counsel shall SUBMIT to the Court's Chambers a copy of each documentary exhibit; and

(12)   this action is **REASSIGNED** for **TRIAL BY JURY** from August 21, 2007 to **TUESDAY, OCTOBER 23, 2007**, at **9:00 a.m.**

(13)   **ALL DISCOVERY DISPUTES ARE REFERRED TO MAGISTRATE JUDGE JAMES B. TODD FOR RESOLUTION, PURSUANT TO TITLE 28, U.S.C., SECTION 636(b)(1)(A). FIRST, THE PARTIES SHALL ATTEMPT TO RESOLVE THE DISPUTE AMONG THEMSELVES.**

**SECOND, IF THE PARTIES ARE UNABLE TO RESOLVE THE DISPUTE, THEY SHALL ATTEMPT TO RESOLVE THE DISPUTE WITH THE MAGISTRATE JUDGE BY TELEPHONE.**

**THIRD, IF AFTER THE TELEPHONE CONFERENCE WITH THE MAGISTRATE JUDGE THE DISPUTE IS NOT RESOLVED, I.E. THE PARTY SEEKING DISCOVERY IS STILL UNSATISFIED WITH THE MAGISTRATE JUDGE'S ORAL OR WRITTEN RULING FROM THE TELEPHONE CONFERENCE, THAT PARTY MAY FILE A WRITTEN MOTION TO COMPEL CONTAINING APPROPRIATE FACTUAL AND LEGAL ARGUMENTS DIRECTED TO THE MAGISTRATE JUDGE. LIKEWISE, IF AFTER THE TELEPHONE CONFERENCE, THE PARTY RESISTING DISCOVERY IS UNSATISFIED WITH THE MAGISTRATE JUDGE'S ORAL OR WRITTEN RULING, THEN THAT PARTY MAY REQUIRE THE OTHER PARTY TO FILE A FORMAL MOTION TO COMPEL CONTAINING**

**APPROPRIATE FACTUAL AND LEGAL ARGUMENTS <u>DIRECTED TO THE MAGISTRATE JUDGE</u>. THE TIME PERIOD FOR FILING THE MOTION TO COMPEL AND THE RESPONSE AND ANY REPLY SHALL BE SET BY THE MAGISTRATE JUDGE IN HIS DISCRETION.**

**THE FOURTH AND FINAL OPTION FOR A PARTY STILL OBJECTING TO THE MAGISTRATE JUDGE'S RULING SHALL BE TO FILE OBJECTIONS WITH THE COURT WITHIN TEN (10) DAYS OF THE MAGISTRATE JUDGE'S RULING PURSUANT TO FED.R.CIV.P. 72(a). ONLY AFTER ALL THE ABOVE STEPS HAVE BEEN COMPLETED WILL THE COURT ENTERTAIN A MOTION TO REVIEW THE MAGISTRATE JUDGE'S FINAL DECISION TO DETERMINE WHETHER IT IS CLEARLY ERRONEOUS OR CONTRARY TO LAW.**

THE COURT REQUIRES STRICT COMPLIANCE WITH THE TERMS OF THIS ORDER. FAILURE TO COMPLY WILL RESULT IN THE IMPOSITION OF SANCTIONS.

This March 16, 2007.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**